You may proceed. May it please the court, Allison Guernsey on behalf of Rickey Christian. Following the Supreme Court's decision in Johnson v. United States, it's Mr. Christian's position that he's no longer an armed career criminal and he's now serving an unconstitutional sentence. In 2002, Mr. Christian received a 262-month sentence. At the time of his sentencing, he was proceeding with counsel, but more or less pro se, as the government characterizes it in its brief. And at that time, the pre-sentence investigation report had come back and qualified Mr. Christian as an armed career criminal. And as a basis for that determination, the PSR listed numerous convictions. There were five burglary type convictions, as well as 10 counts of a violation of the wanton endangerment statute out of Kentucky, but they were all grouped as one conviction. At that sentencing, Mr. Christian, nor his attorney, submitted objections to the ACCA designation, and the government didn't much argue as to the basis for why Mr. Christian was an armed career criminal. Instead, as indicated in the transcript that was submitted to this court, there was a brief dialogue between the district judge and the government as to whether the burglaries were residential or not. Let me ask you, if we're determined that, in light of Johnson, that there is a problem because of the unconstitutional vagueness on the residual clause, I note that I think this is his fourth habeas petition. Am I right? This would be, he filed two habeas corpus petitions in a Rule 60B petition that the court construed. So yes, this would be number four. So my question would be this, since he had the previous habeas petitions, would any of those implicate our ruling if we determine that Johnson applied, well, Johnson would be invoked here, and we would need to re-examine his prior convictions? I would say no, and that's because, first of all, the government has raised no procedural defense, and of course that is an affirmative defense that the government must raise, and they have actually explicitly indicated that were this to be a Johnson claim, they were raising no procedural bars to any of his claims. Additionally, the only habeas corpus petition that was actually adjudicated on the merits and not dismissed for failing to secure permission to file a successive petition was his first one, and in that petition he challenged his ACCA status under, requiring that it be proved to a jury beyond a reasonable doubt. He didn't raise a challenge to the specific predicates. So if there's a Johnson, do you agree that it can be harmless error,  for example? I think that raises two separate inquiries. The first, the harmless error analysis that we're advocating here is where there is a silent record or an ambiguous record, then the error is, in fact, harmless, and that's pulled from the Brecht harmless error standard that says when there is grave doubt as to whether or not the residual clause was selected by the judge. In other words, it's harmful, not harmless. Exactly. So if there is doubt as to whether the residual clause played a role in sentencing, then it necessarily is harmful error. The second facet of the harmless, harmful error analysis, and one that the government, I think, advocates, is that we look to whether or not after Johnson, Mr. Christian still remains an armed career criminal. And so with that aspect, we would also argue that any error is not harmless, because if one were to analyze his convictions for the first time, because they've never truly been analyzed, one would see that they are not generic burglaries, and the only clause under which they could fall would be the residual clause, which, as this court knows, is now invalid. So if they fell under the enumerated, then it would be harmless error. But here we don't know. Well, if you could go back and analyze them under that, it would be. But your position, it's not because of the nature of those prior convictions, or at least most of them. We believe that there is error, there's constitutional error on the fact that the residual clause existed at the time that Mr. Christian was sentenced, and there was case law applying the residual clause to his specific convictions. We believe that that's sufficient to grant the writ. Then the analysis becomes, on the contrary, a criminal disregarding the residual clause. And it would be our position that if one were to analyze Mr. Christian's convictions now anew, he would not qualify as an armed criminal. Is it your position, if we grant the writ under Johnson, that we should remand to the district court, or that we should figure it out de novo here as to the nature of those? The court granted the certificate of appealability as to all issues raised by Mr. Christian. Mr. Christian raised a challenge to the current status of his predicates as armed criminal predicates, and the government has already submitted the conviction documents. So we believe, based on our briefing, that this court can do the analysis now, grant the writ, and find that he's no longer an armed criminal, and we would ask the court to do so. If that's the case, has he served the non-Johnson mandatory sentence? He has, Your Honor. He's been in custody for 14 years. So I think also in our prayer for relief that we submitted to the court, we asked for his immediate release. Do you want to reserve your remaining time? I would like to, thank you. Good morning, Your Honors. May it please the court, rest for the United States. First, in answer, in response to a couple of the comments by counsel, the United States is a procedural error in terms of the Johnson claim. The defendant does arguably has one conviction, the 10 wanton endangerments that would arguably fall under the residual clause. The government's position is that while there may be a Johnson claim in terms of this court certifying a subsequent or a successive 2255, as well as the district court looking into the merits of that claim, just because there's a claim, that doesn't mean that the defendant is entitled to the relief that he seeks. I think at most, the relief that the defendant could have sought or could obtain through this claim is the elimination of the wanton endangerment conviction. The difficult, oh, yes. Counsel, following up on something that Judge McEwen just covered with opposing counsel, this is a transition case. This is one of those cases where Judge Shea didn't have the whole legal milieu of the Ninth Circuit in front of him because this whole area of Johnson is still kind of roiling around. Reminds me of the days when the guidelines were bouncing around. And counsel suggests that if we were to find that the record is not clear enough and that it should be remanded or reversed, that we here should review the record and essentially re-sentence him versus remanding it. What is your view on that? Is it necessary to remand? I mean, if we agree with her? I would say, yes, Your Honor. In this circumstance, at least to that question, the district court never went into the actual challenged crimes of violence, the burglaries. Now, as I noted in the brief, the California burglary, this court has already determined that that's the same one that was in discamps. It is very likely that the others, as written, will be too broad and it may very well be a very quick hearing, but that hearing has not occurred. But why would you need a hearing if it's a legal question, and we've already answered with respect to the California statute, and if she's correct every day that he doesn't get a hearing or imprisoned wrongfully? I think, Your Honor, because here's the bigger problem in how we see it. As the court noted, Mr. Christian has filed multiple 2255 motions. This is the fourth one. When they're successive, an initial 2255 motion, there are a lot of areas or a lot of different reasons that a defendant can file those. Those are found in subsection A. But when it comes to successive, subsection H, there is a limitation, and the limitation that is in subsection H is that in order to get relief through 2255, the defendant has to be basically challenging a new rule of constitutional law that's been made retroactive. That's Johnson, isn't it? That absolutely is Johnson, but the problem is ... You agree that we first have to determine if Johnson applies, and you agree that it does. Johnson applies to one of the multiple convictions. The problem that remains, however, is that while under an initial 2255, under a constitutional or a statutory law, to challenge a statutory law, this court has determined already that a discamps through ESL is a statutory law, not a constitutional law. Therefore, while there's been some confusion in the way the district court issued its order and possibly the way the United States presented the brief, discamps is not retroactive in this circumstance where the defendant is filing successive 2255s, whereas it would be if it was an initial one. I wanted to clear that up. If it's not a new rule, then it was how it should have been interpreted all along, correct? In other words, you don't have any new rule, you just have clarification of how you analyze these prior convictions, right? That's correct, Your Honor, and as I said ... I just want to kind of take it. Johnson applies, you kick out one conviction, and then that leaves us with, let's see, five. You can kick out California, right? Not under ... You say no because under the way it was analyzed previously, it would qualify, but now if you really take and apply to camps, it wouldn't. If the defendant was sentenced anew today, I cannot say that that conviction would count. It would not count. However, under the state of the law and the state of 2255 and this court's decision in Ezell, 2255H2 is not a mechanism to go back and review discamps or now math this type arguments. Let me just, I'm trying to get this unpacked. Is it true that you can't tell from the record whether the district court was invoking the residual clause or the enumerated clause? I don't believe that's the case, Your Honor, and I would note that ... Where do I look? I would note on the ER page 12 and 13, that's the district court's decision that indicated that the United States argued that the five burglaries were enumerated offenses and that the defendant did not challenge that. On page, on ER 13, the court indicates in its order that although the court did not specifically identify which ACC provision, the only proffered predicate basis was the enumerated clause. On page, ER page 31, that is the hearing that we had on this motion with the district court. The district court specifically said, I know what I was doing when the issue came up of whether or not the court decided on the enumerated clause or the residual clause and that if you look at the record, and finally on ER pages 53 to 55, which is cited in the government's brief, it says that this issue has been before the court on a prior occasion. It seems to me that there was a series of requests by Mr. Christian that I responded to and throughout those, there was never an issue about the residual clause. If you look at the chronology of the cases, that is the filings by Mr. Christian, pro se, and a lot of what he actually said in his prior filings, and what he said, the court continued to say, I entered an order denying his motion to vacate under 2255, and I analyzed the case based on what had occurred at that time, and I don't see anything in there indicating that there was any reference to the residual clause at all. But the government did argue the wanton endangerment conviction, didn't they? That is true. At sentencing? That is true, and that's why we... That's the basis for perhaps saying that he was given an unconstitutional sentence under Johnson. I disagree, Your Honor, because... That's why I said perhaps. Perhaps. Put it this way. What we're not seeing, a person can be ACC if they have drug trafficking offenses and crimes of violence. If a person had three drug trafficking offenses and a residual clause offense, certainly they could make a claim eliminating the residual clause at this point, but that wouldn't change their ACC status, and by analogy, this is the same circumstance, because this is not the method to be able to go back in time as it's been foreclosed. It's kind of a curious situation, isn't it? If you apply Johnson... Johnson applies to this petition, motion, under 2255, then the conclusion is that he was given an unconstitutional sentence, yet the government is arguing that when it goes back, the judge could again rely upon the wanton endangerment? The court could assess the wanton endangerment in a different manner. It could assess it as an elements clause. In this case, we didn't really go into that below, because the burglaries at that point, sufficiently, there was enough sufficient burglaries to continue to be ACC qualification, and then I think, and I would say that's why the court found that really the attack was against those enumerated offenses. Did I understand you to say that if it were to go back to the district court, and you were to look at this in terms of the elements, that there then would not be enough convictions for the ACCA designation? Maybe I... Just to clarify, correct me if I'm wrong. If the defendant were to be sentenced today, and those burglaries were to be assessed by the district court, it is very possible that he would not have enough to qualify as ACC. But the government's position is that if this case were to go back, then we never get to those burglaries, because that is a different issue that is not covered by Johnson. Johnson specifically did not disrupt enumerated clauses or elemental clauses. And that's my time. Thank you. Just very briefly, the government appears to advocate that were the court to remand the case to the district court, that the district court would then be entitled to ignore all intervening case law, and would be required to create the law as it existed at the time Mr. Christian was originally sentenced in 2002. I don't think he said that. I think what he said is that's what the Ninth Circuit said, basically, that you look at them differently on a second or successive petition than you do initially. That's what I think... Am I correct? Can I answer? Yeah, I'm looking at you. Yes. All right. I just want a yes or no. Make sure I'm not misstating your argument here to counsel. Yes. That's his argument. But even assuming that the government's argument is correct, this court has the conviction records that were submitted at the time of Mr. Christian's sentencing. If you go through those records and you conduct a willy nilly modified categorical analysis where you look at everything and you consider everything, the government still cannot prove that Mr. Christian was convicted of the generic offense. And I'll highlight just a couple of examples. If one looks at the Indiana... It seems to me the issue is not so much currently under DeKalb. I think the issue that we've now focused on is whether procedurally we can look at those prior convictions anew. And he represents the district court, he's saying, look, I knew what I was doing, and at the time I did it, that was the appropriate analysis. So what's your response to that? If this court were to find Johnson error, then it's a saying that Mr. Christian could have been sentenced on the basis of the residual clause. And so now, in order to analyze whether or not he's still ACCA, we have to look at the case law as it exists now, or at those original convictions in the case law as it existed then, according to the government's theory. And if DeChamps, if... We don't have him here to get the pronunciation correct. If DeChamps or DeChamps is applied, it can't be harmless, correct? That is correct. But even were... Even if we were to ignore DeKalb, it's still not harmless error, because those convictions don't qualify even under a pre-DeKalb analysis. And so that's our position. So you're saying that if there's an unconstitutional sentencing under Johnson, and we were to remand as opposed to determining it, it's a new sentencing. It's sentencing a new... On the complete record. That is correct. Alright. Unless the court has any questions. Thank you both for your argument. As Judge Ezra said, these are... I'm trying to stay calm. We're moving both through the district courts and the circuit court right now. So I thank you both for your briefing and argument. And the case just argued is submitted.
judges: Hawkins, McKeown, Ezra